**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MARTY CALDERON, NEXT        :
FRIEND TO INMATE #261798    :
CHRISTOPHER SANTOS,         :
    PETITIONER          :
                        :
v.                          :        CIVIL ACTION NO.
                        :        3:04-cv-1475 (JCH)
WAYNE CHOINSKI              :
    WARDEN.             :        AUGUST 25, 2006


**RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. No. 11]**

Marty Calderon, as next friend to inmate #261798 Christopher Santos, filed this

action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  Calderon challenges

both Calderon's March 20, 2002 conviction and the conditions of his confinement.  Mr.

Santos is currently in custody at the Garner Correctional Facility in Newton, CT.  Wayne

Choinski, warden of the Northern Correctional Facility, brings the present Motion to

Dismiss [Doc. No. 11] under Local Rule 7 of the District of Connecticut and Rule 12 of

the Federal Rules of Civil Procedure.  For the reasons set forth below, Choinski's

motion is granted.

## I.    PROCEDURAL HISTORY

On March 20, 2002 Santos appeared before the Connecticut Superior Court for

the Judicial District of New Haven at G.A. #7.  There, before the Honorable Heidi

Winslow, he entered pleas of nolo contendere to two counts of Attempt to Commit

Assault on a Public Safety Personnel in violation of Connecticut General Statutes §§

53a-49 and 53a-167(c), and to one count of Threatening in the Second Degree in

violation of Connecticut General Statutes §53a-62.  State v. Santos, Dkt. No. CR01-

206889.  In a separate file, Santos also entered a plea of nolo contendere to one count

of Assault in the Third Degree in violation of Connecticut General Statutes §53a-61.

State v. Santos, Dkt. No. CR01-207456.

Calderon filed the instant 28 U.S.C. § 2254 petition on behalf of Santos on

September 7, 2004.  In it, Calderon claims that Santos' state conviction is unlawful

because Santos 1) had ineffective assistance of counsel at the time of his plea bargain,

2) was not properly advised regarding his eligibility for parole as a result of his nolo

contendere, 3) is currently being denied visitation indefinitely while in custody, and 4)

was seriously injured following assaults by the Meriden police department before his

conviction and beatings by fellow inmates with the consent of corrections officers after

his conviction.  This petition represents the first attempt to obtain any habeas or

postconviction relief regarding Santos' state court conviction.

## II.     DISCUSSION

### A.     Calderon's Standing to Maintain this Habeas Action

In a supplemental brief filed in this court on August 14, 2006, Choinski

challenges Calderon's standing to maintain this habeas action as Santos' next friend.

Because Calderon seeks to invoke the jurisdiction of this court on behalf of Santos, she

must make the showing required for next friend standing.  Whitmore v. Arkansas, 495

U.S. 149, 154 (1990).  At a minimum, the prerequisites for next friend standing are that

the next friend "must provide an adequate explanation - such as inaccessibility, mental

incompetence, or other disability - why the real party in interest cannot appear on his

own behalf to prosecute the action" and that "the next friend must be truly dedicated to

the best interests of the person on whose behalf [she] seeks to litigate." Ross v. Lantz,

396 F.3d 512, 514 (2d Cir. 2005) (citing Whitmore, 495 U.S. at 163-64 (1990).

In challenging Calderon's next friend standing, Choinksi argues that Calderon

has not demonstrated that Santos is incompetent or otherwise unavailable to personally

prosecute this matter.  This court agrees.  In her Objection to the Motion to Dismiss,

Calderon claims that Santos has been severely beaten by the Meridian police and his

fellow inmates.  Due to these beatings, Santos is allegedly incapable of pursuing his

legal rights.  However, Calderon has not come forward with any evidence beyond her

conclusory allegations to prove Santos' incompetence, despite being allowed to do so

by this court.  See Order Granting Motion to Provide Further Evidence of Inmate's

Incapacity, Sept. 28, 2005 (Doc. No. 12).  Santos' habeas petition itself falls short of

establishing his incompetence, as it only alleges that "Mr. Santos cannot represent

himself properly because he loses concentration when he writes and he still has

migraines from the incidents."  Habeas Petition at 13 (Doc. No. 1).  Furthermore, this

court appointed counsel for Calderon on December 2, 2004.  There have been no

reports from appointed counsel to suggest that Santos is inaccessible from prison.

Based on these facts, Calderon has not made the showing necessary to satisfy

Ross's test for next friend standing.  See Calderon v. Dzurenda, 2005 WL 3576838

(D.Conn. 2005), aff'd Dkt. No. 06-0209-pr (2d Cir. May 18, 2006).  The court therefore

grants dismissal on the habeas petition.[1]

### B.    Calderon's Exhaustion of State Court Remedies

---

[1]Santos could, of course, cure this defect by refiling this habeas petition on his own
behalf with the assistance of appointed counsel.

Even if this court construes the Petition has having been filed by Santos, he could not obtain federal review because the claims in his petition have not been properly exhausted in Connecticut state courts.  It is black letter law that a petitioner must exhaust all available state remedies prior to filing a habeas petition in federal court.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney General of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1982); 28 U.S.C.  §2254(b)(1)(A). "Available state remedies" in this context simply means that a federal court cannot find that a petitioner has exhausted his claims for relief in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." Galdamez v. Keane, 394 F.3d 68, 72 (2d Cir. 2005).  The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity.  See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam).  The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process.  See id.

Drawing from these principles, the Second Circuit requires the district court to conduct a two-part inquiry to determine if a federal petitioner has properly exhausted state court remedies.  First, the petitioner must have raised before an appropriate state court each and every claim that he asserts in a federal habeas petition.  Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)).  Second, he must "utilize[] all available mechanisms to secure appellate review of the denial of that claim." Id..  This second prong includes the requirement that a petitioner must present his federal constitutional claims to the

4

highest state court before a federal court may pass judgment on the merits.  See Grey

v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991).

There is no dispute that Calderon has not presented any of the claims in Santos'

habeas petition to any court of the State of Connecticut.[2]  As Connecticut does not have

a fixed statute of limitations for habeas petitions, it appears that there is still state

process to which he may resort.  Santos' claims sounding in ineffective assistance of

counsel claim are certainly cognizable on state habeas.  State v. Leecan, 198 Conn.

517, 541 (1986).  Further, to the extent that Santos' challenges to the conditions of his

confinement (e.g. denial of visitation, beatings by inmates tacitly endorsed by

corrections officers) are even cognizable on habeas, they must first be presented to the

---

[2]Because Santos' petition is devoid of any viable, exhausted claims, this court cannot consider Santos' petition to be a mixed-petition within the meaning of Rhines v. Weber,  544 U.S. 269 (2005),.  Calderon alleges in the Petition that Santos was not properly advised of the consequences of his nolo contendere plea before agreeing to it on the record.  How this claim fits in with Santos' Petition is unclear from the record.  Obviously, Santos could use counsel's failure to advise him properly to argue ineffective assistance of counsel.  However, if Santos seeks to rely on this ground apart from his ineffective assistance of counsel claims, the claim must be considered procedurally barred rather than unexhausted.  See generally Lloyd v. Walker, 771 F.Supp. 570, 574 (E.D.N.Y. 1991) (explaining difference between exhaustion and procedural bars).   Santos' counsel did not contemporaneously object to the court's colloquy. The consequence of this default is that Santos cannot seek appellate review of his plea bargain challenge in state court.  State v. Evans, 165 Conn. 61, 65-66 (1973) (holding that a contemporaneous objection is a prerequisite to obtaining direct appellate review).  As Santos can no longer present this claim in state court, the state process is no longer "available" for exhaustion purposes.  Harris v. Reed, 489 U.S. 255, 263 n. 9 (1989).  Though, he has technically exhausted his claim, Santos is barred from presenting it in federal court by Coleman v. Thompson.  501 U.S. 722 (1991).  Santos has never alleged cause and prejudice for this particular default, nor argued that failing to consider this one claim would amount to a fundamental miscarriage of justice.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Thus, Santos' direct challenge to his plea bargain must be dismissed if he is, in fact, relying on this as an independent ground for relief.  See id.  Since the court would dismiss this claim, Santos is without exhausted claims.  By consequence, he is not being sent back to state court with a mixed petition.

state courts.[3]

## III.    CONCLUSION

For the foregoing reasons, Choinski's Motion to Dismiss [Doc. No. 11] is

GRANTED.  The clerk is hereby directed to close the case.


**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of August, 2006.


                                                    /s/ Janet C. Hall
                                                    Janet C. Hall
                                                    United States District Judge

---

[3]Choinski argues that Santos' "conditions of confinement" claims are not cognizable because their remedy would not secure "immediate or speedier release," the recognized core of habeas corpus.  See McCarthy v. Bronson, 500 U.S. 136, 141 (1991).  The Supreme Court has suggested, without deciding, that habeas may be an available vehicle for prisoners challenging the nature, rather than the fact, of their confinement.  See Prieser v. Rodriguez, 411 U.S. 475, 499 (1975).  Relying on Prieser, the Second Circuit has sanctioned habeas actions where the petitioner seeks transfer to another prison to remedy past constitutional violations sustained in prison.  Boudin v. Thomas, 732 F.2d 1107, 1111 (2d Cir. 1984).  While the court in Boudin spoke generally about habeas not being limited to the forms of relief traditionally thought of as requiring immediate or speedier release, see id., the Second Circuit has not yet extended the rationale of Boudin to prisoners in state custody.  As for Santos, the court will not decide the type of relief that may be appropriate or available to Santos in habeas, only that Santos must first seek it in state court.